WEST NEW YORK SILK MILL COMPANY

v.

LAUBSCH and DIXON.

1. An application to the common-law court by a defendant, asking that court to set off a judgment recovered against him there, against one he holds in the same court against the plaintiff, is an application to the equitable jurisdiction of that court, in the exercise of which that court acts upon precisely the same principles as this court does on a bill filed here for the same relief.

2. *Semble* that a writ of error will lie to the final determination of the application by the common-law court.

3. Whether a writ of error will lie to such determination or not, it is still binding on the applicant, and, having failed there, he cannot afterward apply to this court for the same relief.

5

West New York Silk Mill Co. *v.* Laubsch.

Motion for injunction.

*Mr. Charles L. Carrick,* for the complainant.

*Mr. Warren Dixon, pro se.*

PITNEY, V. C.

This is a motion for an injunction upon bill and answer. The object of the bill is to procure a set-off of a judgment recovered some six years ago, in the Hudson county circuit court, by one Benjamin against the defendant Laubsch (which judgment has been assigned to the complainant), against a judgment recovered, in 1893, by Laubsch against the complainant.

The defendant Dixon, by his answer, sets up two defences— *first,* that he became the assignee for value of the claim upon which the judgment of Laubsch against the complainant was founded prior to the time that the complainant procured the assignment of the Benjamin judgment against Laubsch ; *second,* he sets up the independent defence of *res adjudicata* and estoppel, and shows by his answer—and the truth of the allegation in this behalf is admitted by the complainant—that after the recovery of the several judgments, and on or about the 25th of January, 1894, the complainant herein presented its petition to the honorable judge of the Hudson county circuit court, setting up the same facts found in the bill herein, and praying an order of that court for the same set-off which is asked in this suit ; that thereupon a rule was made by that court upon the defendant Laubsch to show cause why the prayer of the petition should not be granted, and a stay of execution in the meantime was made. Testimony was taken under that rule, and the matter was then referred to the supreme court for its advisory opinion, where, after consideration, that court decided that the complainant was not entitled to the set-off prayed for, and that the motion to set off should be refused, with costs. Upon the certificate, dated November 14th, 1894, of this advice of the supreme court being brought down to the circuit court, that court, in accordance with it, entered, November 17th, 1894, a rule that the

West New York Silk Mill Co. *v.* Laubsch.

original rule to show cause " be and is hereby discharged with costs to be taxed in favor of Laubsch and against the defendant," the complainant herein.   The opinion of the supreme court is reported in *30 Atl. Rep. 550, sub nom. Laubsch* v. *West New York Silk Mill Co.*

The bill herein was filed November 15th, 1894.

To this defence on the part of Dixon, complainant replies that the proceedings in the circuit court and the order of that court dismissing its petition do not amount to *res adjudicata,* for the reason that the granting of the relief in that court is a matter of pure discretion from which no writ of error will lie.

I do not so understand the law.   The principle upon which a court of law acts in such cases is stated at length in the opinion in *Brown* v. *Hendrickson, 10 Vr. 239,* from which the learned judge who spoke for the supreme court in this case, quotes.

It is true that the word " discretion " is there used, but the context shows that it is used in the sense of that judicial discretion which is or should be brought into play in all causes of pure equity, and it means no more than that the judge will weigh and balance the equities, and decide in favor of that party on whose side he finds the preponderance.

Upon this question of discretion as affecting judicial action, I refer to what I said in the case of *Hennessy* v. *Carmony, 5 Dick. Ch. Rep. 616* (at *p. 625*).

It is plain that a court of law acts upon precisely the same principles in setting off one judgment against another that a court of equity does, and that an appeal will lie from a court of equity in such cases is too plain for argument.   In fact, an appeal will lie in equity, and a writ of error at law, in all cases where the ultimate rights of the parties are finally determined. And speaking for myself, I take the liberty of saying that I think the use of the word " discretion " in connection with such cases is unhappy and unfortunate, because it is apt to be misleading.   It seems to have misled the counsel in this case into advising this suit.   The matters of discretion in which an appeal or a writ of error will not lie, are those which do not determine the ultimate rights of the parties.   As, for instance, in equity,

the granting or non-granting of an issue at law to determine some question of fact, the choice of a receiver in insolvency, the question whether or not money in the hands of a special guardian appointed by this court shall be transferred to a general guardian appointed by the orphans court, as exemplified by the case of *In re Anderson, 2 C. E. Gr. 536.*

I have no doubt that a writ of error will lie to the determination of the circuit court of the county of Hudson, in this case. There was a final determination of the petitioner's right there presented and a judgment for costs against it.

The jurisdiction of the court of errors and appeals of this state, by writ of error, is larger than at the common law. This has been settled law ever since the case of *Eames* v. *Stiles, 2 Vr. 490,* where the learned chief-justice reviews the whole subject.

The complainant relies upon the case of *Simpson* v. *Hart,* decided in the first place by Chancellor Kent, as reported in *1 Johns. Ch. 91,* and afterwards in the court of appeals, in *14 Johns. 63,* and it must be confessed that the case is precisely in point in favor of the complainant. There the complainant had applied to the mayor's court of the city of New York to offset a judgment which had been recovered against him, against one which he held against the plaintiff and another party, and that motion had been refused in the mayor's court. A bill was then, as here, filed by him in the court of chancery, asking the same relief, and Chancellor Kent held that, having applied to the equitable jurisdiction of the mayor's court, he could not come into chancery. An appeal was taken to the old New York court of errors and appeals. The judges were divided. Two of the judges of the supreme court agreed with Chancellor Kent, and three took an opposite view, and, with a considerable majority of the senators, reversed his decree.

It is enough to say of that case that, in the first place, I think the reasoning of Chancellor Kent and the two judges of the supreme court who agreed with him in the court of errors and appeals, is more satisfactory than that of those who took the opposite view ; and, in the second place, the jurisdiction of the court of errors and appeals of New York, upon writs of error,

was strictly confined to that of the common law, and was not so wide as that of our court of errors and appeals.

But if I am wrong in supposing that a writ of error will lie to the judgment of the circuit court in the case here in hand, I am still of the opinion that the proceedings there are a bar to proceedings here. The complainant deliberately chose its forum, in which it had, at least, the benefit of the judgment of four judges of the supreme court, who dealt with the case on the merits upon equitable principles precisely as this court would have done had it come here in the first place. Having chosen that forum, I think it is as much estopped in case no writ of error will lie to the judgment of that court as if it will. I am unable to see on what ground the fact that a writ of error will not lie, if such be the fact, can affect the question of estoppel.

The result is that I conclude that the complainant is not entitled to relief against the defendant Dixon, that the injunction must be refused, and, as the truth of the matters set up in estoppel was admitted at the hearing, that the bill must be dismissed, with costs, as to Dixon. It prays for other relief against the defendant Laubsch, and may be retained as against him.